[relates to Docket Item No. 27]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIE TAYLOR, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | CIVIL NO. 05-4271 |
| v. | |
| VIRTUA HEALTH, INC. et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Michael H. Berg, Esquire
BERG & PEARSON, P.C.
59 N. Broad Street
Woodbury, NJ 08096
    Attorney for Plaintiff Julie Taylor

Kristine Grady Derewicz, Esquire
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102
    - and -
Jacqueline R. Barrett, Esquire
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102
    Attorneys for Defendants Virtua Health, Inc. and Wendy
    Cooper

Simandle, District Judge:

I. **INTRODUCTION**

    This matter comes before the Court on the motion of Defendants Virtua Health, Inc. and Wendy Cooper (collectively, "Defendants") for reconsideration [Docket Item 27] of the Court's

grant of summary judgment to Plaintiff Julie Taylor ("Plaintiff" or "Taylor") on Count IV of her Complaint in its June 2007 Opinion.  Taylor v. Virtua Health, Inc., No. 05-4271, 2007 WL 1827094, at *7-9 (D.N.J. June 25, 2007).  Specifically, Defendants ask the Court to reconsider its determination that Defendants denied Plaintiff qualified leave in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615.  For the reasons set forth below, the Court denies Defendants' motion for reconsideration.

## II. BACKGROUND

As summarized in the June 2007 Opinion, Taylor, 2007 WL 1827094, at *1-3, 7-9 the relevant facts and findings are as follows.  Because Defendants move for reconsideration of a grant of summary judgment against them, the facts will be summarized in the light most favorable to the Defendants.

The dispute between Plaintiff and Defendants arises out of Defendants' 2004 decision to terminate Plaintiff's employment. Defendant Virtua Health, Inc. is the hospital at which Taylor was employed between 1997 and 2004.  Taylor had a history of absences and lateness while employed at Virtua Health, and had been issued multiple written warnings that indicated she could be fired if her attendance did not improve.  Her last written warning was issued on June 27, 2004, after which she was absent an additional seven days through September 30, 2004.

Defendants claim that Plaintiff again called out sick on the morning of October 12, 2004 on account of a migraine headache. Defendants further claim that once Plaintiff's supervisor Wendy Cooper was made aware of her absence, she decided to terminate Plaintiff's employment, but did not officially fire her at that time. On October 14, 2004, Plaintiff called again requesting a leave of absence on account of a gallbladder problem, which was revealed to be a serious medical condition requiring surgery, all as confirmed by her doctor's note on October 14, 2004. After being informed of Plaintiff's medical condition that qualified her for FMLA-protected leave, Defendants nonetheless proceeded to officially fire her on October 20, 2004.

The instant motion centers on the Court's finding in Plaintiff's motion for summary judgment on Count IV of the Complaint. Count IV alleges that Defendants failed to provide Plaintiff time off for a serious medical condition, in violation of Plaintiff's rights under the FMLA. Under the FMLA, 29 U.S.C. § 2615(a)(1), an employer may not "deny the exercise of or the attempt to exercise, any right provided [by the FMLA]." The Court found that when Plaintiff notified Defendants on October 14, 2004 of her need to take an extended leave on account of a serious gallbladder problem, she was exercising a right provided by the FMLA. The Court further found that her October 14 notification was sufficient and given within a reasonable amount

of time to satisfy FMLA requirements and apply to her October 12 absence.  For this emergency condition, the requirement to notify the employer "as soon as practicable" ordinarily means verbal notification within one or two business days, under the applicable regulations, as determined in the previous opinion.  29 C.F.R. § 825.302(b).  Accordingly, the Court found that when Defendants considered Plaintiff's October 12 absence in their decision to fire her, Defendants violated her rights protected by the FMLA.

### III. DISCUSSION

Local Civil Rule 7.1(g) of the United States District Court, District of New Jersey, governs the instant motion for reconsideration.  This rule requires the moving party to set forth the factual matters or controlling legal authority it believes the court overlooked when rendering its initial decision.  L. Civ. R. 7.1(g).  Whether to grant reconsideration is a matter within the district court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked.  DeLong Corp. v. Raymond Int'l Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993).  "A party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation of the cases and arguments

4

considered by the court before rendering its original decision fails to carry the moving party's burden." Panna v. Firstrust Sav. Bank, 760 F. Supp. 432, 435 (D.N.J. 1991)(internal citations omitted). Instead, "the party seeking reconsideration [must show] at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Furthermore, the Court will grant a motion for reconsideration only if the movant establishes that the Court overlooked "dispositive factual matters or controlling decisions of law." See Rouse v. Plantier, 997 F. Supp. 575, 578 (D.N.J. 1998); Starr v. JCI Data Processing, Inc., 767 F. Supp. 633, 635 (D.N.J. 1991).

    Defendants argue under the third possibility of the grounds for reconsideration identified in Max's Seafood Café, supra, that the Court overlooked a dispositive fact and made a clear error of law, which resulted in a manifest injustice for the Defendants. (Def.'s Br. in Supp. of Mot. for Reconsideration at 5-6.) Specifically, Defendants argue that the Court misapplied the FMLA in its determination that Plaintiff's October 12, 2004 absence was leave protected by the FMLA, and that in its interpretation,

5

the Court created a new way for employees to contest their termination after the fact.

But the Court finds that Defendants fail to raise an issue of fact or law that the Court did not already consider and address in the June 2007 Opinion.  As a sister court has noted, "It is improper for a motion for reconsideration to 'ask the court to rethink what it ha[s] already thought through-rightly or wrongly." Byrne v. Calastro, 2006 WL 2506722, at *1 (D.N.J. 2006)(quoting Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990)).

Defendants, both in the initial summary judgment motion and in the instant motion for reconsideration, continue to claim Plaintiff's October 12, 2004 absence does not qualify as FMLA-protected leave.  In the summary judgment motion, Defendants claimed Plaintiff's October 12 absence was not protected under the FMLA because Plaintiff did not provide notice of her serious medical condition until October 14, 2004.  The Court rejected this argument, finding Plaintiff's October 14 notice to be in compliance with the notice requirement imposed by the statute, and therefore to apply to her October 12 absence.  Taylor, 2007 WL 1827094, at *8-9.  Now, Defendants argue that Plaintiff's October 12 absence does not qualify as FMLA-protected leave because Plaintiff only mentioned suffering from migraine headaches when she called out on that day, and migraines are a

non-serious condition and thus do not trigger FMLA leave. (Def.'s Br. in Supp. of Mot. for Reconsideration at 6-8.)  That argument is essentially the same as the one considered previously.  Defendants continue to argue that Plaintiff did not provide notice of a serious medical condition early enough to warrant the finding that Plaintiff's October 12 absence was FMLA-protected leave.  This is an issue the Court already dealt with in its previous opinion.  It is still undisputed that Plaintiff was suffering from severe gallbladder problems that required surgery when she called out sick on October 12.  When given the chance to dispute the fact that Plaintiff's October 12 medical leave was due to her serious gallbladder condition, which was medically confirmed and reported to them within two days, Defendants did not do so, proclaiming a lack of information sufficient to contest Plaintiff's sworn fact.  Further, whether Plaintiff on October 12th reported a migraine headache (as Defendants claim) or a gallbladder attack (as Plaintiff recalls) is an immaterial factual dispute; the material fact is that Plaintiff's medical condition was a serious gallbladder condition requiring surgery, all as medically confirmed and reported to Defendants by October 14th.  Since FMLA indeed anticipates that it ordinarily takes a day or two to sort out the medical condition justifying FMLA leave, and thus FMLA-protected status for the absence, it is contrary to the FMLA scheme for an

employer to refuse to recognize FMLA-protected leave and penalize the employee during that short reporting period.

Accordingly, the Court will again conclude that Plaintiff provided sufficient notice of her serious medical condition to Defendants to establish that her October 12 absence was FMLA-protected leave, and that Defendants thus could not take into account that absence in deciding to fire Plaintiff.

## IV. **CONCLUSION**

For the foregoing reasons, the Court denies Defendants' motion for reconsideration.

**August 13, 2007**              **s/ Jerome B. Simandle**
Date                              JEROME B. SIMANDLE
                                  U.S. District Judge